**Mary M. LISI, Chief Disciplinary Counsel**

v.

**John BIAFORE, Jr.**

No. 91–293–M.P.

Supreme Court of Rhode Island.

June 20, 1991.

Mary M. Lisi, Chief Disciplinary Counsel, pro se.

John Biafore, Jr., Warwick, for defendant.

OPINION

PER CURIAM.

This is a disciplinary matter in which the respondent, John Biafore, Jr. (Biafore), appeared before this court on April 18, 1991, to show cause why he should not be disciplined.

The respondent has been charged with the violation of a variety of disciplinary rules as a result of representations made by him to various clients. In July 1987 one client retained respondent for the purpose of incorporating an entity known as Precision Framing, Inc. In connection with the incorporation of her business, the client paid respondent the sum of $700, which was to be used for the purchase of corporate books, the issuance of stock, the drafting of bylaws, and the preparation of customary minutes for the stockholders' initial meeting.

Testimony adduced at the disciplinary hearing indicated that Precision Framing, Inc., had entered into a contract with another company to "frame" condominiums that were to be located in the town of Jamestown. Immediately after the commencement of work, problems arose when it became obvious that the invoices submitted by Precision Framing, Inc., were not being paid. As a consequence, respondent was hired to place a mechanic's lien on the property. Biafore responded to his client's wishes by saying that he "would take care of it." Later when she called respondent's office to determine the status of the mechanic's lien, she was informed that the lien had been placed on the property. Later the client contacted respondent to obtain the book and page number at which she could locate the lien, and she was informed that such data was not available at that time. Time marched on, and finally the client traveled to the Jamestown Town Hall to discover that the lien had not been recorded.

At this point the client became involved in further litigation as the client com-

menced divorce proceedings against her husband and gave respondent a retainer fee of $300. Later the client also discovered that in searching for any relevant corporate documents, except for copies of the articles of incorporation, neither she nor her new attorney had ever received any corporate records involving Precision Framing, Inc.

On another occasion Biafore accepted employment in a slip-and-fall episode that took place in June 1984 at a large department store situated in Warwick. From 1984 on, the client and her husband repeatedly inquired of Biafore if a lawsuit had been filed and were assured by respondent that litigation had been commenced in Kent County Superior Court. Sometime later the clients had the opportunity to check the Kent County Superior Court clerk's records and learned that no suit had been filed. The statute of limitations had expired. Thus the clients were no longer able to file any claims against the department store.

The hearing panel found that there was a misrepresentation made, that there was neglect of a legal matter, and that there was a willful misrepresentation and neglect that resulted in the failure to satisfy the applicable statute of limitations.

Another episode involved a client who conferred with respondent relative to seeking a zoning variance in the city of Warwick. The respondent agreed to be of assistance and asked for a $275 fee. Later the client discovered that no application for a variance was ever filed with the zoning board. This information was at odds with respondent's insistence that the application had been filed. Ultimately Biafore had returned the fee that had been given to him by the client.

Furthermore the records of the disciplinary counsel indicate that the respondent has been the recipient of eleven admonitions and two private censures. However, we see no necessity for us to recite chapter and verse of a record of complete neglect. Consequently it is the judgment of this court that the respondent, John Biafore, Jr., be and is hereby suspended indefinitely from engaging in the practice of law. He is also ordered to comply with all the provisions of Rule 42–15 of the Supreme Court Rules.